THOMAS M. HERLIHY, ESQ. (SBN 83615)
SHEENA V. JAIN, ESQ. (SBN 251912)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:   (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
Unum Life Insurance Company of America

MICHAEL B. HORROW (SBN 162917)
NICHOLE D. PODGURSKI (SBN 251240)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302

Attorneys for Plaintiff
Randolph T. Scott

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH T. SCOTT,<br><br>                Plaintiff,<br><br>     v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA AND, DOES 1 THROUGH 10, INCLUSIVE,<br><br>                Defendants. | Case No. C 09-01841 SBA<br><br>**STIPULATION PROTECTIVE ORDER GOVERNING PRODUCTION OF INFORMATION AND DOCUMENT BY PARTIES AND NON-PARTIES**<br><br>Honorable Saundra B. Armstrong<br>Action Filed:  March 27, 2009 |

It is hereby stipulated and agreed to by and among Plaintiff RANDOLPH T. SCOTT, and Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum Life") (hereinafter individually referred to as "PARTY" or collectively as "PARTIES"), through their attorneys of record, on behalf of themselves and any NON-PARTY, to the protections provided under this order.

1.  The term "this litigation" as used in this Order shall refer to the above-captioned matter entitled *Randolph T. Scott  v. Unum Life Insurance   Company of America.*, United States District Court, Northern District, Case No. C 09-01841 SBA.

2.  This Order shall apply to all documents produced by PARTIES and NON-PARTIES.

3.  As used herein, the phrase "CONFIDENTIAL MATERIAL" is defined as follows:

    (a) Any document produced in response to a discovery request or subpoena which is marked as such by stamping the cover or first page of each such document with the word "CONFIDENTIAL" will be designated as confidential under this Order only where the producing party in good faith believes that the information is or contains proprietary information, confidential financial or business information, or other confidential manuals, procedures and guidelines, including those related, pertaining or referring to claims, claims handling, policy issuance, underwriting, rescission, independent contractor applications, and appointments and all other information or documents detailing any of Unum Life's practices, and procedures for a disability insurance application, policy or claim.

    (b) Documents designated as CONFIDENTIAL in 3(a) above are expressly subject to this Court's ruling upon its confidentiality in the event any party seeks to challenge such a designation. This Court has the exclusive right to review and rule upon the confidentiality of the documents, testimony, or material designated as CONFIDENTIAL pursuant to this Order. The PARTIES reserve the right to seek review of the substance of any documents marked as CONFIDENTIAL through this court. Nothing in this paragraph is intended to or shall abrogate any right of appeal or right to the writ procedure to seek appellate review.

4.  No person shall show, copy or convey any information subject to this Protective Order to anyone, except as hereinafter set forth in this Order, and all such persons are further ordered and enjoined from disclosing CONFIDENTIAL MATERIAL to any other persons. All CONFIDENTIAL MATERIAL produced in this litigation

1 shall be used   solely for purposes of preparing for and conducting this litigation and
2 shall not be used, directly or indirectly, for any other purpose whatsoever.
3   5. CONFIDENTIAL MATERIAL shall only be disclosed to the following
4 "QUALIFIED PERSONS" who may be provided with copies of this material upon
5 being informed of this order:
6   (a) The attorneys of record working on this litigation and their  paralegals,
7 secretaries, and other employees;
8   (b) Expert witnesses or consultants who are assisting counsel in the
9 preparation for and trial of this litigation;
10  (c) Any party to this litigation;
11  (d) Any witness who may be shown copies of CONFIDENTIAL
12 MATERIALS as part of a deposition but who shall not be provided with
13 copies separate from the exhibits to that deposition.
14  (e) Any court reporter who is entrusted with exhibits to a deposition as part of
15 his or her task in reporting the deposition; and
16  (f) Insurance company personnel, representatives, adjustors or other like persons
17 assigned to work any claim for coverage of, or the   providing of a defense
18 to, any party Defendant or Counterdefendant to this action.
19  6. No copies, summaries, or abstracts of said information shall be made by the
20 PARTIES for distribution to or for use by persons other than QUALIFIED
21 PERSONS as set forth herein.
22  7. Nothing in this Protective Order, including Paragraph 6, shall require any PARTY to
23 secure a signed Non-Disclosure Agreement from the Court, any officer or employee
24 of the Court, any juror, any witness   testifying in open court, any court reporter, or
25 any witness in a deposition.
26  8. Nothing in this Protective Order shall preclude the PARTIES from agreeing by
27 stipulation to permit the use of the protected information in other cases pending
28 before this or other Courts.

1    9.    In preparation of this litigation, counsel for any PARTY may retain copy services
2          and exhibit enlargement services to copy and/or enlarge CONFIDENTIAL
3          MATERIAL and may provide them with such material for copying or enlargement,
4          without requiring execution of a confidentiality agreement on condition that (1) such
5          companies not retain copies after duplication and (2) they be informed that the
6          documents being copied are confidential under Court Order.
7    10.   All documents containing information subject to this Protective Order, and notes or
8          other records regarding the contents thereof, shall be maintained in the custody of
9          counsel receiving such information, or other Qualified Person, and no partial or
10         complete copies thereof shall be retained by anyone else at any location other than
11         the offices of counsel or other Qualified Person, unless otherwise authorized by an
12         Order of this Court.
13   11.   If counsel for any PARTY objects to designation of a document as
14         CONFIDENTIAL, such counsel shall advise counsel for the producing PARTY or
15         NON-PARTY of such objection and counsel for the objecting PARTY and
16         producing PARTY or NON-PARTY shall promptly meet and confer and attempt to
17         resolve the objection.  If no formal resolution can be reached regarding the
18         objection, counsel for the PARTY seeking use of the material as non-
19         confidential may file a motion with the Court compelling it to be designated as non-
20         confidential.  Pending such a ruling any such material shall be treated as
21         CONFIDENTIAL MATERIAL.  Nothing in this stipulation alters the burden of
22         roof being on the party seeking the protective order to establish an entitlement to
23         confidentiality.
24   12.   The PARTIES agree that any claims manuals, claims procedures, claims
25         guidelines, underwriting manuals, underwriting procedures, underwriting guidelines,
26         rescission manuals, rescission procedures and rescission guidelines  that are marked
27         CONFIDENTIAL shall be deemed confidential under this Order, and the PARTIES
28

1  agree not to raise any objection pursuant to paragraph 11 or otherwise to the
2  confidential nature of such material.

3  13.  In the event that any PARTY wishes to submit to the Court for use in any
4  proceeding, including, but not limited to a dispositive motion or trial, any
5  CONFIDENTIAL MATERIAL or any summary of the contents thereof in a
6  pleading, that party shall submit it to the Court under seal and the Court shall
7  thereafter treat it as to filing and access according to its discretion. The designation
8  on the face of such document shall be substantially the following:

9  **"CONFIDENTIAL MATERIAL:  IN ACCORDANCE WITH THE PROTECTIVE**
10  **ORDER OF THIS COURT, THE CONTENTS OF THIS SUBMISSION SHALL**
11  **BETREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY**
12  **PERSONOTHER THAN ATTORNEYS IN THIS CASE OR THE COURT AND ITS**
13  **PERSONNEL."**

14  14.  The trial exhibit list shall have a designation for all proposed exhibits which
15  constitute CONFIDENTIAL MATERIAL, in order to alert the Court and all
16  PARTIES as to the fact that such documents are subject to this order, and the
17  PARTIES will cooperate with the Court in the design of a protocol to properly
18  maintain the confidentiality of such exhibits as are submitted to the Court.  All
19  PARTIES will cooperate with the Court and its personnel in submitting
20  CONFIDENTIAL MATERIAL as trial exhibits in a fashion that protects the
21  confidentiality of that material.

22  15.  This Order shall not preclude counsel for any PARTY from using in the course of
23  depositions any such document or information which has been designated as
24  CONFIDENTIAL MATERIAL under the terms hereof.  However, prior to such use:
25  (a)  Counsel using such CONFIDENTIAL MATERIAL shall make reference to
26  the confidentiality of the document or information;
27  (b)  All persons not authorized pursuant to this Order to receive such
28  CONFIDENTIAL MATERIAL (except only the witness, the witness'

1   counsel, and the court reporter) shall be excluded from that portion of

2   the deposition during which the confidential document or information is

3   used; and

4   (c)   In the event that the original deposition transcript and its exhibits are filed

5   with the Court, the deposition and exhibits shall be  placed under seal in an

6   envelope bearing the following designation:

7   **"CONFIDENTIAL MATERIAL: IN ACCORDANCE WITH THE PROTECTIVE**

8   **ORDER OF THIS COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE**

9   **TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON**

10  **OTHER THAN ATTORNEYS IN THIS CASE OR THE COURT AND ITS**

11  **PERSONNEL."**

12  16.   All copies of such deposition transcripts and exhibits thereto to the extent that they

13  contain or pertain to confidential documents, information, summaries or exhibits

14  shall be treated as CONFIDENTIAL MATERIAL pursuant to the terms of this

15  Order.

16  17.   Within ninety (90) days of the conclusion of the trial and all appeals or right to

17  further appeal, or upon other termination of this litigation, all CONFIDENTIAL

18  MATERIAL, including all copies of such documents or information shall be

19  returned to counsel for Defendant Unum Life.  Alternatively, within ninety (90) days

20  of the conclusion of the trial and all appeals or right to further appeal, or upon other

21  termination of this litigation, counsel for Plaintiff Scott can destroy said

22  CONFIDENTIAL MATERIAL themselves so long as they do so in a secure manner

23  (e.g. shredder) ***and*** provide a declaration setting forth the date, time, location

24  and manner in which the CONFIDENTIAL MATERIAL was destroyed.

25  18.   The provisions of this Order, insofar as they restrict the communication and use of

26  CONFIDENTIAL MATERIAL produced hereunder or information obtained from

27  CONFIDENTIAL MATERIAL, shall continue to be binding after the conclusion of

28

1         this litigation unless other permission is obtained pursuant to a further Order of this

2         Court.

3    19.   The terms and provisions of this Order are subject to modification, extension, or

4         termination as hereafter may be ordered. This Court retains jurisdiction to rule upon

5         motions for modification, extension or termination of this Order at any time.

7 IT IS STIPULATED:

Respectfully submitted,

DONAHUE & HORROW LLP

11 Date: April 26, 2010        By     /s/
                                   Michael B. Horrow
                                   Nichole D. Podgurski
                     Attorneys for Plaintiff RANDOLPH T. SCOTT

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

17 Date: April 26, 2010        By     /s/
                                   Thomas M. Herlihy
                                    Sheena V. Jain
                             Attorneys for Defendant
                     UNUM LIFE INSURANCE COMPANY
                              OF AMERICA

**ORDER**

IT IS SO ORDERED.

Date: _5/3/10                                /s/ Saundra B. Armstrong
                                           Saundra B. Armstrong
                                        United States District Court Judge